In Re: Appeal of Florence H. Pfirrmann From the Order of the Bucks County Board of Assessment Appeals, Etc.

Florence H. Pfirrmann, Appellant.

Argued November 19, 1981, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Richard P. McBride*, with him *William H. Fuss, Power, Bowen & Valimont*, for appellant.

*Martin J. King*, for appellees.

*Sondra K. Slade, Pitt, Agulnick, Supplee, Johnson & Slade*, for Amicus Curiae Courtney F. Foos, Jr. and Constance C. Foos.

OPINION BY JUDGE ROGERS, December 24, 1981:

Florence H. Pfirrmann, the owner of a parcel of land in Warwick Township, Bucks County, Pennsylvania, seeks review of an Order of the Court of Common Pleas of Bucks County upholding a determination by the Board of Assessment Appeals that she breached a covenant of an agreement entered into between the county and her predecessor in title made pursuant to the Act of January 13, 1966, P.L. (1965) 1292, *as amended*, 16 P.S. §11941 *et seq.* (Act 515).

Act 515 was enacted in the interest of preserving the farms, forests, water supplies, and open spaces of the Commonwealth by authorizing counties to assess at lower value lands which are presently undeveloped

and which the owner covenants, for an initial ten year period, to preserve in their undeveloped state. Section 6 of the Act, 16 P.S. §11946, entitled "Breach of covenant by landowner" provides in part as follows:

> If the landowner, his successors, or assigns, while the covenant is in effect, alters the use of the land to any use other than that designated in the covenant, such alteration shall constitute a breach of the covenant and the landowner at the time of said breach, shall pay to the county, as liquidated damages, the difference between the real property taxes paid and the taxes which would have been payable absent the covenant, plus compound interest at the rate of five per cent per year from the date of entering the covenant to the date of its breach or from a date five years prior to the date of its breach whichever period is shorter.

It is undisputed that, on August 25, 1972, Appellant's predecessor in title covenanted with the county to preserve the 161 acre tract now owned by the appellant for use as farm land and open space land and that at some time thereafter appellant caused or permitted to be erected a single family detached dwelling in a wooded section of the tract outside the curtilage of any existing structure for the use of her son and his family. The single issue for our review is whether the appellant is in breach of the restrictive covenant.[1]

---

[1] Courtney F. Foos and Constance C. Foos, amici curiae, urge us to decide in this case a question which concerns them—that of whether the penalty provisions of Act 515 apply where the covenanting landowner conveys a portion of the land to another person who then develops the part conveyed in such a way as to constitute a breach of the agreement. That question is not presented in this case and we decline to decide an issue not raised by the parties or the facts of the case before us. *Demarco v. State Board of Medical Education and Licensure*, 47 Pa. Commonwealth Ct. 500, 408 A.2d 572 (1979).

As the statutory language set forth above makes clear, an alteration of the use of the restricted land to any use other than that designated in the covenant is a breach of the covenant. Paragraph five of the county's Declaration of General Conditions for Covenants under Act 515, incorporated by reference in the covenant here at issue provides that in the event a covenanting landowner "alters the use of the land *or any portion thereof* to any use other than that specified in the contract and covenant between owner and county, such alteration shall constitute a breach of the covenant." (Emphasis added.)

The appellant argues that the designated use of her parcel is as farm land and open space land and that her erection of a single family detached residence did not alter the use of her land because the structure is located in a wooded section and does not diminish the land area devoted to "the raising of livestock or the growing of crops" within the meaning of Section 1(1) of the Act, 16 P.S. §11941(1) defining "farm land" and because Section 1(4) of the Act, 16 P.S. §11941(4) defines "open space land" as "[a]ny land . . . , of at least ten acres in area, in which site coverage by structures, roads and paved areas does not exceed three per cent;" a definition which is, concededly, still applicable to the appellant's property in the wake of its recent residential development. As the Court of Common Pleas correctly determined, the statutory definitions of "farm land" and "open space land" were intended to describe the kind of property which is initially eligible to be placed in the program. The covenant of the parties and Section 6 of the Act above quoted require for continued eligibility under the existing covenenat that no portion of the land placed in the program be given over to any use other than those designated in the covenant. To interpret the definitions mentioned as the appellants urge would not only

fly in the face of the covenant, it would also undermine the purpose of the Act.

Order affirmed.

ORDER

AND Now, this 24th day of December, 1981, the order of the Court of Common Pleas of Bucks County is affirmed.