John Iannarone, Appellant *v.* Township of Springbrook and Board of Supervisors of Springbrook Township, Appellees.

Argued November 18, 1981, before Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*Francis W. Roscoe, II,* with him *William Zacharellis,* for appellant.

*Carl J. Greco, Mariani and Greco,* for appellees.

OPINION BY JUDGE BLATT, February 26, 1982:

The appellant, John Iannarone, appeals a decision of the Court of Common Pleas of Lackawanna County which denied his petition for declaratory judgment. The petition challenged the validity of a resolution enacted under Section 702 of The Second Class Township Code[1] by the appellees, the Township of Springbrook and the Board of Supervisors of Springbrook Township.

On October 19, 1979, the Board of Supervisors, pursuant to Section 702 of the Code, adopted a resolution prohibiting the manufacture of fireworks[2] within Springbrook Township. The appellant, an owner of a certain parcel of land in Springbrook Township, intended to use this property as the site for a fireworks manufacturing plant and on April 9, 1980, he filed a subdivision plan with the Board of Supervisors as re-

---

[1] (Code) Act of May 1, 1933, P.L. 103, added by Section 1 of the Act of July 17, 1935, P.L. 1161, *as amended,* 53 P.S. §65720.

[2] Section 702 of the Code empowers a Second Class Township "[t]o regulate and prohibit, by resolution or ordinance, the manufacture of fireworks or other inflammable or dangerous articles...."

quired by a subdivision and land development ordinance. Subsequent to the submission of the plan, the appellant petitioned the court below for a declaratory judgment ruling the aforementioned fireworks resolution unconstitutional. Meanwhile, on June 12, 1980, the Board of Supervisors denied the application for approval of the subdivision plan on the basis of the October 19, 1979 resolution, and the appellant filed in the court below — in addition to the declaratory judgment action — an appeal of the subdivision denial. Before us now is only the appeal of the denial of the appellant's petition for declaratory judgment.

The court below gave the following reasons for its decision to deny the appellant's petition: the existence of ancillary proceedings was sufficient in and of itself to deny the petition; the averments in the petition are prolix, vague, conclusory and couched in general terms alleging the unconstitutionality of the resolution; and, Section 1004 of the Pennsylvania Municipalities Planning Code (MPC), Act of June 1, 1972, P.L.     , *as amended*, 53 P.S. §11004, is the exclusive mechanism by which any landowner may challenge the substantive validity of an ordinance restricting the use of his land.

The appellant contends here that the court below abused its discretion and erred as a matter of law in denying his petition for declaratory judgment because the exclusive statutory remedy relied upon by the court below does not obtain here; this remedy as set forth in Section 1004 of the MPC applies *only* to zoning ordinances and the resolution here was not such an ordinance but merely a resolution enacted under Section 702 of the Code. He also argues that, according to the recently revised Declaratory Judgments Act (Act), 42 Pa. C. S. §§7531-7541, the existence of an alternative remedy is not a ground for the refusal of a declaratory judgment petition.

Although we agree with the appellant's first contention, we must nevertheless affirm because we believe that proper grounds for the denial of his petition were included in the opinion of the court below.

It is important to note that the appellees do not contend that the resolution was a zoning ordinance. And, although the court below was correct in recognizing that Sections 1001 and 1004 of the MPC, 53 P.S. §§11001 and 11004, provide the exclusive avenue for zoning ordinance appeals, we note that no *zoning* ordinance exists here. The court below erred, therefore, in finding that the Township's *resolution*, which was enacted pursuant to Section 702 of the Code, was subject to the MPC's appellate procedures.[3]

As to the appellant's second contention, however, we have recognized that the revised Declaratory Judgments Act has substantially broadened the availability of declaratory relief even beyond the liberal standard established by our Supreme Court in *Friestad v. Travelers Indemnity Co.*, 452 Pa. 417, 306 A.2d 295 (1973). *See Myers v. Department of Revenue*, 55 Pa. Commonwealth Ct. 509, 423 A.2d 1101 (1980). Section 7537 of the Act, 42 Pa. C. S. §7537, provides that "the existence of an alternative remedy shall not be a ground for the refusal to proceed under this [Act]." Moreover, Section 7541 of the Act, 42 Pa. C. S. §7541, states in pertinent part, as follows:

(b) Effect of alternative remedy. — The General Assembly finds and determines that the principle rendering declaratory relief unavail-

---

[3] Note that Section 11001 of the (MPC) 53 P.S. §11001, states as follows: "The proceedings set forth in this article shall constitute the exclusive mode for securing review of any ordinance, decision, determination or order of the governing body or a municipality, its agencies or officers *adopted or issued pursuant to this act.*" (Emphasis added.)

able in circumstances where an action at law or in equity or a special statutory remedy is available has unreasonably limited the availability of declaratory relief and such principle is hereby abolished.... [T]he remedy provided by this subchapter shall be additional and cumulative to all other available remedies except as provided in subsection (c).

Subsection (c), however, provides that "[r]elief shall not be available under this subchapter with respect to any: ... (3) Proceeding involving an appeal from an order of a tribunal." The instant issue is, therefore, whether or not the Board of Supervisors is a tribunal. If it is, then the existence of ancillary proceedings involving these parties and issues will serve as a basis for a denial of the appellant's petition for declaratory judgment.

Section 102 of the Judicial Code, 42 Pa. C. S. §102, defines a tribunal as a "court, district justice or other judicial officer vested with the power to enter an order in a matter. *The term includes a government unit*, other than the General Assembly and its officers and agencies, when *performing quasi-judicial functions.*" (Emphasis added.) Inasmuch as the Board of Supervisors is a governmental unit which, in reviewing subdivision plans, is empowered to enter an order denying or approving such plans, it is our conclusion, therefore, that the Board is a tribunal and consequently that the ancillary proceedings are, in this matter, a basis for the denial of the appellant's petition for declaratory judgment.

Additionally, the court below found, in denying the appellant's petition, that the averments therein were "prolix, vague, conclusory and couched in general terms alleging the unconstitutionality of the

resolution."[4] Our close examination of the record and the petition leads us to agree with this observation, and we believe, therefore, that the court below was correct[5] in its conclusion that the appellant failed to carry his burden of proving a clear violation of a particular constitutional provision. *Loomis v. Philadelphia School District Board of Education*, 376 Pa. 428, 103 A.2d 769 (1954).

Finding neither an abuse of discretion nor a fatal error of law we will, therefore, affirm the order of the court below.

## ORDER

AND, Now, this 26th day of February, 1982, the order of the Court of Common Pleas of Lackawanna County in the above-captioned matter is hereby affirmed.

Judge PALLADINO did not participate in the decision in this case.

---

[4] The appellant chose not to address this finding by the lower court.

[5] Section 7537 of the Act, 42 Pa. C. S. §7537, provides that a declaratory judgment is a *discretionary* remedy.