**Edwards Engineering Corp. v. Davis**

*Thomas J. Nickels, Thomas Kennedy,* for plaintiff.
*Timonthy B. Fisher,* for Eagle Lake Corp., John R. Larsen and Louis F. Larsen.

MUNLEY, *J.,* April 6, 1982—This matter is before the court on defendant's preliminary objections in the nature of a demurrer and a motion for a more specific complaint.

On December 19, 1979, defendants Davis, Hughes and Richards, Supervisors of Covington Township, granted final subdivision approval to plans of defendants John Larsen, Louise Larsen, and the Eagle Lake Corporation, for a proposed development of a recreational vehicle camp ground, designated as "Eagle Lake Subdivision", located in Covington Township, Lackawanna County. The subdivision consisted of approximately 815 acres of land in and around Lake Henry.

Contiguous to the above described subdivision was located the Covington Industrial Park, which in 1979 (at the time of "Eagle Lake" approval) was an undeveloped industrial park owned by the Scranton/Lackawanna Industrial Building Company (SLIBCO). On September 30, 1980, the Ed-

wards Engineering Corporation, Plaintiffs herein, acquired the Covington Industrial Park from SLIBCO, and a deed evidencing this convenance was subsequently recorded in the Lackawanna County Recorder of Deeds Office.

On December 19, 1979, some ten months before plaintiff acquired its interest in this property and 13 months prior to the filing of this complaint, the township's board of supervisors granted final approval of the plans for "Eagle Lake Subdivision." At no time during the proceedings before the township supervisors did plaintiff or SLIBCO enter their appearance, nor did they take any appeals following the Board's final approval of the Eagle Lake Plain. On January 14, 1981, plaintiff commenced the present mandamus action, requesting the court to order the defendant supervisors to revoke their final subdivision approval.

Defendants contend that mandamus is not an appropriate remedy because of the availability of alternate statutory remedies and the failure of plaintiff's predecessor to pursue those legal remedies.

Plaintiff alleges that the board of supervisors approved the subdivision plan in violation of Township Ordinances and the Municipal Planning Code, arguing that the Supervisors failed to give "the required notice" of these approval proceedings to plaintiff's predecessor rendering the plan void ab initio.

Preliminary objections in the nature of a demurrer will be sustained only when it appears with certainty that the law permits no recovery under the facts pleaded, and any doubts in the determination should be resolved by overruling the objections Upper Moreland v. Commonwealth, Pennsylvania Dept. of Transp., 409 A.2d 118 48 Pa. Commonw. 27, 409 A.2d 118 (1979).

Further, a demurrer to a complaint should be sustained only where the complaint shows on its face that a claim is devoid of merit. A demurrer is not always sustained and the complaint dismissed unless the law says with certainty that no recovery is possible. Any doubt as to whether the demurrer should be sustained should be resolved in favor of refusing to enter it. Volume 5, Standard Pa. Practice 2d, Sec. 25:71.

The trust of our discussion will center on whether the writ of mandamus which was filed is appropriate under these circumstances.

An action in mandamus seeks to compel a public official to perform a ministerial act which he is obliged to perform and which involves no exercise of discretion. Anderson v. Shaffer, 39 Pa. Commw. 636, 396 A.2d 91 636 (1979). In effect, a writ of mandamus is the equivalent of a mandatory injunction compelling official action. Accordingly, the rules which govern the availability of mandamus in a zoning case should parallel those rules which limit equity jurisdiction. Generally, the courts hold that a writ of mandamus may not be used as a substitute for normal zoning procedures. R. Ryan, Pennsylvania Zoning Law and Practice, §9.1.11. The reference to mandamus found in §909 of the Pennsylvania Municipalities Planning Code (MPC), Act of June 1, 1972, P. L., as amended. 53 P. S. Section 10909, was intended to preserve rather than *expand* the role of mandamus in zoning matters. See Unger v. Hampton Township, 437 Pa. 399, 263 A.2d 385 (1970).

Mandamus is a high prerogative writ representing an extraordinary remedy which will not be granted in doubtful cases. The nature of the writ lies to compel the performance of a mandator duty or a ministerial act only where there is (1) a clear

legal right in the plaintiff, (2) a corresponding duty in the defendant, and (3) no other appropriate or adequate remedy. An objection which alleges the failure to pursue an adequate alternative remedy, therefore, raises a question of jurisdiction and is properly pleaded as a preliminary objection. Merritt v. West Mifflin Area School District, 56 Pa. Commw. 126, 424 A.2d 572 (1981); County of Mifflin v. Mifflin City, 63 Pa. Commw. 56, 437 A.2d 781 (1981).

Section 1007 of the Municipal Planning Code (hereinafter M.P.C.), 53 P. S. §11007, as amended, provides:

"Persons aggrieved by a use of development permitted on the land of another who desire to secure review or correction of a decision or order of the governing body or of any officer or agency of the municipality which has permitted the same, on the grounds that such decision or order is not authorized by or is contrary to the provisions of an ordinance or map shall first submit their objections to the zoning hearing board under sections 909 and 915. The submission shall be governed by the provisions of section 1005.

Appeals to court from the decision of the zoning hearing board may be taken by any party aggrieved."

That part of Section 1007 of the M.P.C., 53 P.S. §11007 which formally referred to a 30 day time limit for filing an appeal from the decision of the zoning hearing board was repealed by Section 2 (a) (1421) of The Judiciary Repealer Act, Act of April 28, 1976, P. L. 202, 42 P. S. §20002 (a) (1421). A similar provision now may be found in Section 5571 (b) of the Judicial Code, 42 P. C.S.A. §5571 (b).

The M.P.C. further provides in Section 11001 under "Zoning Appeals":

"The proceedings set forth in this article shall constitute *the exclusive mode* for securing review of any ordinance, decision, determination or order of the governing body of a municipality, its agencies or officers adopted or issued pursuant to this act." (Emphasis supplied.)

See Iannarone v. Township of Springbrook, 65 Pa. Commw. 42, 441 A.2d 810 (1982).

In view of the explicit language of the statute, the courts have consistently required that procedural provisions of zoning statutes to be rigidly adherred to. Blank, Appellants v. Board of Adjustment, 390 Pa. 636, 136 A.2d 695 (1957); Baederwood Center, Inc. v. Putney, 390 Pa. 53, 133 A.2d 836 (1957); Kuiper v. Upper Marion Township, 390 Pa. 178, 134 A.2d 916 (1957); Jacob v. Fetzer, 381 Pa. 262, 112 A.2d 356 (1955). This is particularly true of special statutory appeals from the action of administrative bodies. Blank v. Board of Adjustment, supra.

Based on the record before us, we believe that a writ of mandamus is inappropriate to compel the Defendant Board of Supervisors to revoke its 1979 approval of the "Eagle Lake Subdivision." We reach this conclusion for two reasons. First, plaintiff seeks a writ of mandamus to compel the Board of Supervisors to revoke their approval of a subdivision plan due to irregularities in the procedures followed by the Board. Before the Board of Supervisors could revoke their approval of the subdivision plan, they would have to determine whether irregularities in the procedures existed in violation of Township Ordinances and the M.P.C. Such determinations would involve making decisions and the exercise of judgment and, therefore, are discretionary actions rather than ministerial ones.

It is well established in the law that mandamus may issue only when the plaintiff has a clear right to

the performance of a ministerial act and the Defendant has a corresponding duty to perform the act. Borough of Monroeville v. Effie's Ups and Downs, 12 Pa. Commw. 279, 315 A.2d 342 (1974). We find that in the instant matter, plaintiff seeks the court to compel the Board of Supervisors to exercise a discretionary administrative function and this we cannot do. Unger v. Hampton Township, 437 Pa. 399, 263 A.2d 385 (1970).

Second, the General Assembly has provided in the M.P.C. adequate remedies at law, which have been designated as "Zoning Appeals" in §11007, supra. This section provides that where allegations exist, such as those of the instant case, the aggrieved party shall first submit their objections to the zoning hearing board's decision to this court. In the instant case, plaintiff did not appeal the board of supervisor's decision to the zoning hearing board before appealing to this court. For this reason, we agree with defendant that plaintiff's predecessor in title, did not exhaust the available statutory remedies. In accord Fassman v. Skrocki, 37 Pa. Commw. 32, 390 A.2d 336 (1978); Lindy Homes, Inc. v. Sabatini, 42 Pa. Commw. 600, 401 A.2d 589 (1979).

In as much as plaintiff is bound by the actions of its predecessor of title, we must find that plaintiff cannot appeal to this court since the statutory remedies were not exhausted. In light of these discussions we shall enter an appropriate order sustaining the preliminary objections in the nature of a demurrer.

## ORDER

And now this April 6, 1982, defendants preliminary objections in the nature of a demurrer are hereby sustained.