## Jerrehian v. Board of Assessment Appeals of Chester County

*Roman J. Koropey,* for appellant.

*Janet Colliton, assistant county solicitor,* for Chester County and Board of Assessment Appeals.

*Randall C. Schauer,* for West Chester Area School District.

STIVELY, *S.J.,* September 7, 1989 — We are presented with an appeal by a taxpayer from the

adverse decision of the Board of Assessment Appeals. For the reason stated herein, we affirm the decision of the Board of Assessment Appeals.

## FACTUAL AND PROCEDURAL SETTING

The estate of M. Joseph Jerrehian, trading as Jerrehian Brothers, brings this appeal from a decision of the Board of Assessment Appeals of Chester County regarding a tract of land in West Goshen Township, Chester County. Appellant's decedent acquired the land on July 22, 1942. The deed was recorded at page 116 of Chester County Deed Book 21, and described the property as including approximately 488 acres. A portion of the tract was later condemned for use in constructing the Route 322 bypass, which surrounds West Chester. The tract in question now contains approximately 485 acres.

At some point after the property was acquired by appellant's decedent, Chester County was mapped and aerially photographed, and a tax parcel identification system put into effect. As a result of the condemnation of Route 322 and the presence of Route 29, the Jerrehian tract was assigned five separate tax parcel identification numbers: 52-2-114, 52-3-89, 52-3-95, 52-3-161 and 52-4-26. Neither appellant nor appellant's decedent participated in the assignment of tax parcel identification numbers or the division of the property into tax parcels.

On July 1, 1974, appellant filed an "application for covenant for preservation of land uses covered under Act 515" with the Chester County Board of Assessment Appeals. On that application, appellant identified the subject property as Chester County Tax Parcel Number 52-2-114, and stated that it was described at Deed Book 21, Volume 501, page 116. The application further described the land as 484.5

acres of open space in West Goshen Township, subject to no subdivision plans.

In response to appellant's application, the Chester County Director of Assessments notified appellant on August 15, 1974 of the reduced assessment value of the property, in the event that the parties actually entered an Act 515 covenant. On that letter, the property in question was described as containing tax parcel numbers "52-2-114 (comb. with 52-3-89, 52-3-95, 52-3-161, 52-4-26)."

On December 3, 1974, appellant and the County of Chester entered into an agreement captioned "Contract and Covenant (under 'Act 515')." Paragraph 1 of that document provided, in relevant part, that the subject property "is the entire parcel or portion of tax map parcel no. described in deed book and page mentioned above and is set forth or described in application heretofore filed by owner." This rather awkward clause incorporated the following items set forth on the agreement:

"Re: Tax Map Parcel no. 52-2-114

"Deed Book D 21, Page 116"

Appellant sold the property identified by tax parcel numbers 52-3-161 and 52-4-26 to Mark M. Rowan on December 28, 1986. Soon after that transfer, residential development was begun on the lot assessed as tax parcel no. 52-3-161. On June 10, 1987, the Board of Assessment Appeals notified appellant that "the construction of a dwelling on tax parcel no. 52-3-161.1" constituted a breach of the Act 515 covenant. The subject property was identified on the notice of breach as "tax parcel no. 52-2-114." The Board of Assessment Appeals notice included the following text:

"Under the law you are required to pay the difference between the taxes assessed and the taxes

which would have been payable without the covenant together with interest and penalties.

"You will be billed by the Tax Claim Bureau for past taxes due because of the breach. You will be billed by the taxing authorities for the difference between the current taxes billed and the taxes which would have been payable without the covenant."

The board also notified appellant of the appeal rights attendant with the notice of breach.

Appellant filed an appeal with the board and, after an adverse decision, brings this case before the court. The parties have stipulated that "[a]ll parties stipulate that the construction of a dwelling on tax parcel no. 52-3-161 constituted a breach of the Act 515 covenant as to that parcel." Appellant has, in fact, pled that "Jerrehian is willing to pay rollback taxes for the breach as to tax parcel no. 52-3-161."

## DISCUSSION

Act 515 addresses the issue of breach directly. In 16 P.S. §11946, the act provides in relevant part as follows:

"If the land owner, his successors or assigns, while the covenant is in effect, alters the use of the land to any use other than that designated in the covenant, such alteration shall constitute a breach of that covenant and the land owner at the time of said breach shall pay to the county, as liquidated damages, the difference between the real property taxes paid and the taxes which would have been payable absent the covenant, plus compound interest at the rate of five percent per year from the date of entering the covenant to the date of its breach or from a date five years prior to the date of its breach whichever period is shorter."

In the case at bar, the parties have stipulated that

the construction by Rowan on the land acquired from appellant constituted a breach of the covenant.

The issue before the court is the degree of the breach. Appellant asserts that the breach was only as to the severable portion of the tract that has been labelled tax parcel no. 52-3-161, and that the balance of the total tract is still in compliance with the covenant. Appellees, however, argue that the violation causes a breach as to the entire parcel.

There is comparatively little authority addressing the definition of breach under Act 515. The Supreme Court has held that, as a matter of statutory interpretation, Act 515 "sanctions an arrangement for the preferential reduction of taxes." *Deigendesch v. County of Bucks,* 505 Pa. 555, 562, 482 A.2d 228, 232 (1984). The Supreme Court has further held that, as a matter of statutory interpretation, statutes exempting persons or property from taxation are strictly construed against the taxpayer. *Id.*; see also, *Lehigh Valley Co-op Farmers v. Commonwealth of Pennsylvania,* 498 Pa. 521, 447 A.2d 948 (1982); *West Allegheny Hospital v. Board of Property Assessment, Appeals and Review of Allegheny County,* 63 Pa. Commw. 555, 439 A.2d 1293 (1981). We are, therefore, bound to construe the various provisions of Act 515 against appellant.

Appellant is in the unenviable position of being held to account for the use of property owned by another entity. Nevertheless, 16 P.S. §11946 requires that the land owner effectively guarantee to the county with which he covenants that the subject property will be preserved, in this case as open space, for the duration of the covenant. By stating in that section that alteration of the use of a parcel during the term of the covenant by "the land owner, his successory or assigns" shall constitute a breach, the General Assembly included the situation at bar

in its proscription. Rowan, as appellant's assignee, breached the covenant by beginning construction on the subject property. Appellant, as guarantor of the covenant, had the choice of enforcing the covenant by an action at equity or providing notice to Chester County of intent to terminate the agreement as to tax parcel 52-3-161, in accordance with the terms of 16 P.S. §11944 and other appropriate provisions, and re-covenanting the balance of the subject property. Appellant did neither and, as a result, stands liable for the penalty set forth in 16 P.S. §11946.

The question presented to this court by appellant is whether there was, in fact, a breach of the whole covenant. Our review of the case law leads to the conclusion that the breach as to tax parcel 52-3-161 resulted in a breach as to the entire subject property. It has been established that the construction of a non-conforming structure on a portion of the subject property constitutes a breach of the covenant. *In re Appeal of Pfirrmann,* 63 Pa. Commw. 407, 437 A.2d 1336 (1981), affirming 35 Bucks L. Rep. 17 (1980); see also, *Greenbelt Associates Appeal,* 5 D.&C. 3d 557 (1978). Clearly, as counsel stipulated, the construction of dwelling units on the portion of the tract sold to Rowan was a breach of the covenant.

Appellant asserts that, by virtue of the fact that the activity constituting the breach was limited to tax parcel 52-3-116, as designated by the county and as physically separated from the main tract by Route 322, the finding of breach is limited to that portion alone. A taxpayer raised a substantially similar argument in *Greenbelt Associates Appeal, supra.* In that case, the property owners' land was divided into two almost equal parcels by a highway, condemned and constructed entirely after the covenant was entered. After developing one of the two portions, the taxpayer asserted that the larger, un-

developed parcel was still in compliance with the convenant. The appellant argued that, therefore, only a partial breach was effected by the development of the smaller tract. In rejecting this argument, the trial court noted that "counsel for appellant has presented no authority in support of this novel proposition, alleging merely that 'equity' requires that the covenant should be recognized as having been bisected, as well as the tract . . . " *Id.* at 560. We, also, have been presented with no authority for appellant's position. Further, we agree with the conclusion of the trial court in *Greenbelt,* that "[j]ust as the covenant applied to the whole of appellant's land, so does a breach apply to the whole." *Id.* Accordingly, we enter the following

## ORDER

And now, September 7, 1989, after consideration and hearing of appellant Jerrehian Brothers appeal from the decision of the Board of Assessment Appeals, we affirm that decision and deny the appeal.