The Honorable John M. Wajert, Judge of the Court of Common Pleas in and for Chester County, 15th Judicial District, Petitioner *v.* State Ethics Commission, Respondent.

98

Argued October 2, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., ROGERS, BLATT and MACPHAIL. Judges MENCER, DISALLE and CRAIG did not participate.

*John M. Wajert,* petitioner, for himself.

*David R. Morrison,* for respondent.

OPINION BY PRESIDENT JUDGE BOWMAN, October 30, 1979:

By petition for declaratory judgment,[1] the Honorable JOHN M. WAJERT, a Judge of the Court of Common Pleas of Chester County, seeks a judicial declaration that an opinion rendered to him at his request by respondent, State Ethics Commission, is of "no force and effect" as being contrary to the statute under which it was rendered and as being issued in violation of petitioner's due process rights. He further seeks a judicial declaration that Section 3(e) of the Act of October 4, 1978 (Ethics Act), P.L. 883, 65 P.S. §403, is unconstitutional as violative of the doctrine of separation of powers, as impermissibly invading the constitutional powers of the Supreme Court of Pennsylvania, as vague and as subjecting him to involuntary servitude.

Respondent filed preliminary objections to the petition (a) in the nature of a motion for a more specific

---

[1] Having considered the contents of the petition and the reliefs sought, we directed, pursuant to Pa. R.A.P. 1503, that it be regarded and acted upon as a petition for review addressed to this Courts original jurisdiction. 42 Pa. C.S. §761(a).

pleading and (b) in the nature of a demurrer countering each of petitioner's legal assertions as applied to his factual averments.[2]

Subsequent "pleadings" in the form of an answer to respondent's preliminary objections and preliminary objections to respondent's preliminary objections neither materially alter the issues nor clarify them.

It is axiomatic that preliminary objections in the nature of a demurrer admit as true all well and clearly pleaded material factual averments and all inferences fairly deducible therefrom but conclusions of law are not so admitted. *Sinn v. Burd,*     Pa.    , 404 A.2d 672 (1979). From this vantage point the petition for review must be considered to determine if it pleads a cause of action, which, if proven, would entitle petitioner to the relief sought.

However, before undertaking this inquiry another obstruction to judicial resolution by way of declaratory judgment has injected itself into this proceedings which we shall dispose of first.

At oral argument counsel for respondent announced that at a meeting of the Commission on October 1, 1979,[3] it had withdrawn the opinion previously rendered to petitioner. Written notice of such withdrawal was then filed in this proceedings as was a letter addressed to petitioner inviting him to appear at a meeting of the Commission on October 17, 1979, and to file a brief and orally argue incident to the Commission reconsidering the issue at said meeting.

---

[2] Respondent also raised the issue of nonjoinder of a necessary party in the person of the District Attorney of Chester County. *See* Section 9 of the Ethics Act, 65 P.S. §409. By stipulation, the District Attorney was joined as a party respondent. In approving such joinder, we specifically reserved passing upon the merits of such joinder as either necessary or indispensable to the cause asserted. The District Attorney did not participate in the matter now before us.

[3] Argument was scheduled and heard on October 2, 1979.

To the extent that the petition for review seeks to have this opinion of the Commission judicially declared of no force and effect as contrary to the statute or as in violation of petitioner's due process rights, we are of the view that there no longer exists a case or controversy within the scope of the Declaratory Judgments Act, 42 Pa. C.S. §7531 *et seq.* The action by the Commission in withdrawing said opinion moots the governmental determination upon which this count of the petition for review is predicated. We would also observe that if the now withdrawn opinion of the Commission is, as petitioner argues with respect to the asserted violation of his due process rights, an order of a tribunal,[4] declaratory judgment proceedings are unavailable. 42 Pa. C.S. §7541(c)(3).

To the extent that the petition for review under its well-pleaded factual averments puts in issue the proper construction to be placed upon Section 3(e) of the Ethics Act, we deem this issue to remain within the ambit of the Declaratory Judgments Act, as it presents a case or controversy for judicial declaration.

In passing upon respondent's demurrer, the remaining issue is whether Section 3(e) of the Ethics Act proscribes petitioner, a common pleas judge, upon his retirement or resignation from that bench, from practicing law before the Court of Common Pleas of Chester County for a period of one year after his retirement or resignation from that bench.[5]

Section 3 of the Ethics Act proscribes a broad range of activities by public officials and public em-

---

[4] "Tribunal" is defined to include a "government unit . . . when performing quasi-judicial functions." 42 Pa. C.S. §102.

[5] Petitioner, by separate count in his petition for review, also asserted a class action on behalf of all judges similarly situated. As certification of the proceedings as a class action has not as yet been sought, we address the demurrer in relation to petitioner's material facts as to himself.

ployees while in office or while so employed. To a more limited extent, it also proscribes activities by former public officials or public employees in relationship to the governmental body with which they had been associated. One of these is found in subsection (e) of Section 3, which provides:

No former official or public employee shall represent a person, with or without compensation, on any matter before the governmental body with which he has been associated for one year after he leaves that body.

"Governmental body" is defined in Section 2 of the Ethics Act, 65 P.S. §402, to mean:

Any department, authority, commission, committee, council, board, bureau, division, service, office, officer, administration, legislative body, or other establishment in the Executive, Legislative or Judicial Branch of the State or a political subdivision thereof.

It is the Commission's position that petitioner as a judge is a public official, that upon his retirement or resignation he becomes a former official, that a court of common pleas is an establishment in the Judicial Branch of State Government and thus a governmental body, and hence, that the proscription of Section 3(e) will apply to him.

Petitioner and the amicus curiae brief[6] argue that inasmuch as Section 3(e) is not explicitly applicable to members or former members of the judiciary, it should not be construed to be so applicable, as the legislature did not intend such a result because: (a) the conflict of interest mischiefs which the Ethics Act seeks to remedy are adequately addressed with respect to the judiciary, former judges and attorneys by

---

[6] The Pennsylvania Bar Association was granted leave to file an amicus curiae brief nunc pro tunc.

the Code of Judicial Conduct and the Code of Professional Responsibility promulgated by the Supreme Court of Pennsylvania; or (b) to construe it to the contrary would produce an impermissible invasion by the Legislative Branch into the grant of power to the Supreme Court under the Pennsylvania Constitution, Article V, Section 10(c),[7] which is a consequence to be avoided. Section 1922(3) of the Statutory Construction Act of 1972, 1 Pa. C.S. §1922(3). Amicus curiae further argues that if Section 3(e) is applicable to the judiciary it is violative of substantive due process in its arbitrary and unreasonable differentiation between former judges and members of the bar without any rational relationship to further a legitimate State purpose; this is an issue which we need not reach.

While there appears to be little doubt that a judge, upon retirement or resignation from the bench becomes a former public official, whether a court of law is within the meaning of governmental body as defined in Section 2 of the Ethics Act is certainly not clear. Courts of law are not explicitly enumerated among the thirteen named governmental structures or substructures found in Section 2 which necessarily poses an issue of legislative intent. Did the legislature intend to include a court of law within the meaning of "other establishment in the . . . Judicial Branch of the State . . ."?

Reference to a court of law as an establishment, if such it is, would be a novel description heretofore un-

---

[7] The Supreme Court shall have the power to prescribe general rules governing practice; procedure and the conduct of all courts . . . for admission to the bar and to practice law, and the administration of all courts and supervision of all officers of the judicial branch. . . . All laws shall be suspended to the extent that they are inconsistent with rules prescribed under these provisions.
Pa. Const. art. V, §10(c).

known and unused. Such nomenclature is not found in the recently enacted Judicial Code, 42 Pa. C.S. §101 *et seq.*, nor in a host of other statutes relating to the judiciary which we have examined, and respondent has pointed to none employing such language.

With the meaning of governmental body as applicable to courts of common pleas being in doubt, the intention of the legislature may be ascertained by considering, among other factors, the occasion and necessity for the statute and the mischief to be remedied. Statutory Construction Act of 1972, 1 Pa. C.S. §1921(c).

The title to the Ethics Act and its statement of purpose in Section 1 disclose that its primary thrust is directed to exposing potential or real conflicts of interest involving public officials and public employees while in office or while employed; to a lesser extent, as to those seeking elected public office; and, as heretofore noted, it is designed to proscribe certain activities by former public officials and public employees. Its stated overall purpose is to strengthen the faith and confidence of the people of the State in their government—hence, it has become commonly referred to as the Ethics Act.

In light of the body of law existing at the time of the passage of the Ethics Act direced to the same purpose, which is in many ways more proscriptive with respect to judicial conduct and professional conduct of lawyers and their interrelationship, and which is designed to remedy the same mischief, can it be said that Section 3(e) of the Ethics Act was intended to encompass the court of common pleas as an establishment in the Judicial Branch of the State Government? We do not think so.

Our Constitution itself specifically prohibits certain activities by judges in concepts of conflict of interest (Pa. Const. art. V, §17), mandates the creation of a Judicial Inquiry and Review Board as a consti-

tutional body to inquire into and make recommendations to the Supreme Court for suspension, removal or discipline of judges found to have violated enumerated standards of conduct (Pa. Const. art. V, §10), and empowers the Supreme Court to adopt rules governing the practice of law and conduct of the judiciary (Pa. Const. art. V, §10(c), *see* note 7 *supra*).

Pursuant to this constitutionally conferred power and authority, our Supreme Court has adopted a Code of Judicial Conduct and a Code of Professional Responsibility. Each Code is a comprehensive treatise governing judicial conduct and the conduct of those engaged in the practice of law and they contain complementary provisions addressing the role of a former attorney as a judge and a former judge as a practicing attorney.

Particularly applicable to the conflict of interest problems addressed generally by Section 3(e) of the Ethics Act is the Code of Judicial Conduct, which mandates that judges avoid impropriety and even the appearance of impropriety in all activities. A judge is required by Canon 2 to promote public confidence in the integrity and impartiality of the judiciary and is not to allow social or other relationships to influence his judicial conduct or judgment. If a judge violates the Code, he may be suspended, removed or disciplined by the Supreme Court, Pa. Const. art. V, §18(h), in addition to being subjected to the provisions for impeachment contained in Article VI of the Pennsylvania Constitution. Similarly, the former judge would be bound by Canon 9 of the Code of Professional Responsibility mandating that he, as an attorney, avoid impropriety and the appearance of impropriety in his activities. Specifically, the Code of Professional Responsibility prohibits a former judge from accepting private employment in a matter upon the merits of which he acted in a judicial capacity. Code of Professional Responsi-

bility, DR 9-101(A). The Code further prohibits a former public employee from accepting private employment in any matter in which he had a substantial responsibility while he was a public employee. Code of Professional Responsibility, DR 9-101(B).

In our opinion, this body of law—the canons of ethics governing judges and those in the practice of the law—designed to accomplish the very purposes and objectives generally sought to be accomplished by the Ethics Act, negates a conclusion that the General Assembly intended to include former judges within the scope of Section 3(e).

This construction of Section 3(e) is also supported by the heretofore referred to provision of the Statutory Construction Act, which provides that, when ascertaining the intent of the legislature, it is to be presumed that it did not intend to violate the Constitution of Pennsylvania. 1 Pa. C.S. §1922(3). Article V, Section 10(c) of our Constitution[8] grants to the Supreme Court the exclusive power and authority to prescribe general rules governing admission to the Bar and the practice of law. It has done so in adopting the Code of Professional Responsibility which, as noted above, addresses, *inter alia,* potential and real conflict of interest problems associated with a former judge practicing before the court with which he was associated, which

---

[8] *See* note 7 *supra.* Also, Section 2521 of the Judicial Code, 42 Pa. C.S. §2521 provides that "[p]ersons admitted to the bar of the courts of this Commonwealth and to practice law pursuant to general rules shall thereby hold the office of attorney at law."

Also, Pennsylvania Bar Admission Rule 103 provides:

The Supreme Court declares that it has inherent and exclusive power to regulate the admission to the bar and the practice of law and in furtherance thereof promulgates these rules which shall supersede all other court rules . . . and practices pertaining to the admission to the bar and the practice of law.

in turn is complemented by the Code of Judicial Conduct as to the same problem. *See In re 42 Pa. C.S. §1703,* 482 Pa. 522, 394 A.2d 444 (1978). If Section 3(e) of the Ethics Act were to be construed to prohibit a former judge from appearing for a period of one year before the court of which he was a member, it would appear to be a direct restriction upon the practice of law and would single him out from all other practitioners. In doing so, it would appear to usurp the exclusive power of the Supreme Court to regulate the practice of law and thus bring into play the statutory presumption that the legislature did not intend such a result.

As a statutory presumption which may or may not be overcome by proof at trial, we cannot solely rely upon this point denying respondent's demurrer but the existence of the presumption and the issue it poses affords an additional reason for denying respondent's demurrer.

We conclude that the petition for review in the nature of a declaratory judgment proceedings to the extent that it brings in issue the proper interpretation to be placed upon Section 3(e) of the Ethics Act states a cause of action upon its pleaded facts.

## ORDER

Now, October 30, 1979, it is ordered as follows:

1. To the extent that the petition for review seeks to set aside as null and void the opinion of respondent rendered to petitioner at his request but since withdrawn, said cause is dismissed as moot.

2. The preliminary objections of respondent directed to the remaining causes asserted in the petition for review are overruled and respondent is directed to answer the same within thirty (30) days of the date hereof.

108

### SUPPLEMENTAL MEMORANDUM AND ORDER

Now, October 30, 1979, shortly before our opinion and Order was to be filed in the above case, the Court was advised that the respondent had issued a second opinion in lieu of the original opinion it had issued but withdrew prior to argument. This second opinion has been filed as an attachment to respondent's motion to file a supplemental brief and in fact constitutes its supplemental brief. The second opinion reaches the same conclusion for substantially the same reasons as the original withdrawn opinion. We are advised that petitioner seeks to have this second opinion made a part of the record in this case. In light of the above, we order said second opinion to be made a part of the record in this case. However, there is no compelling reason to now specifically address and pass upon the legality of this second opinion as our opinion and Order in this case, filed herewith, disposes of the underlying statutory interpretation issue upon which the second opinion is predicated.