535 A.2d 270

The Pennsylvania State Lodge of the Fraternal Order of Police, by and through its Trustee Ad Litem, Francis P. Bascelli et al., Petitioners *v.* Commonwealth of Pennsylvania, Pennsylvania State Police, Respondent.

Argued November 17, 1987, before Judges MAC-PHAIL and COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Anthony C. Busillo, II,* for petitioners.

*Thomas B. York,* Deputy Attorney General, with him, *Andrew S. Gordon,* Chief Deputy Attorney Gen-

eral, Chief, Litigation Section, and *LeRoy S. Zimmerman*, Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, December 29, 1987:

Petitioners seek injunctive and declaratory relief in our original jurisdiction.[1] Respondent has filed preliminary objections in the nature of a demurrer, a challenge to our jurisdiction, the unavailability of declaratory judgment in the circumstances of this case, the lack of an actual controversy, the failure to join indispensable parties, the pendency of other actions and the Petitioners' lack of standing.

From the petition for review, we ascertain that the background of this litigation is that several municipalities have furloughed some or all of their police and then called upon the Pennsylvania State Police (PSP) to provide police protection. Petitioners claim that this practice circumvents the provisions of the Pennsylvania Labor Relations Act[2] and Act 111[3] as well as the holding of this Court in *County of Bucks v. Pennsylvania Labor Relations Board,* 77 Pa. Commonwealth Ct. 259, 465 A.2d 731 (1983).[4] Petitioners ask us to declare that the use of the PSP to replace municipal police personnel where the municipality has not permanently and completely ceased its police operations is an unfair labor practice and to enjoin the PSP from providing police services to municipalities where their own services have not been completely and permanently dissolved.

---

[1] 42 Pa. C. S. §761(a)(1).

[2] Act of June 1, 1937, P.L. 1168, *as amended,* 43 P.S. §§211.1-211.13.

[3] Act of June 24, 1968, P.L. 237, 43 P.S. §§217.1-217.10 (relating to collective bargaining by policemen and firemen).

[4] In *County of Bucks,* we affirmed an order of the Pennsylvania Labor Relations Board (PLRB) which held that Bucks County had committed an unfair labor practice when it terminated its Park Ranger Program after the rangers had been certified as employees under Act 111.

Although Petitioners insist that this Court take jurisdiction in this matter because the PLRB, according to Petitioners, is not adhering to our decision in *County of Bucks* and that their recourse to appeal each decision of the PLRB to this Court where similar cases arise, is inadequate, the fact remains that Petitioners clearly ask us to declare that the involvement of the PSP at the request of a municipality in such circumstances is an unfair labor practice. This we cannot do. It is well settled that the PLRB is the exclusive tribunal for the purpose of seeking redress of an unfair labor practice. *Kerr v. Butler Building Trades Council, AFL-CIO,* 447 Pa. 247, 288 A.2d 525 (1972) and *Barron v. City of Philadelphia,* 85 Pa. Commonwealth Ct. 182, 481 A.2d 379 (1984).

Petitioners here, indeed, have pursued that remedy and allege in their petition that the PLRB has denied their claim. Appropriate appeals have been filed with this Court and we will, in due course, adjudicate those appeals. At this juncture, however, we lack jurisdiction in this case to enter a declaratory judgment because Section 7541(a)(2) of the Declaratory Judgments Act, 42 Pa. C. S. §7541(a)(2) clearly provides that declaratory judgment relief is not available where the proceeding is within the exclusive jurisdiction of a tribunal other than a court.

With respect to the injunctive relief sought by Petitioners, it again is well established that before such relief may be granted, it must appear that there is no full, complete and adequate remedy at law. *Nagle v. Pennsylvania Insurance Department,* 46 Pa. Commonwealth Ct. 621, 406 A.2d 1229 (1979), *rev'd in part,* 499 Pa. 139, 452 A.2d 230 (1982). Petitioners argue that unless we enjoin the PSP from furnishing police protection in cases such as this, the allegedly unlawful activity of the municipalities will continue because the PLRB cannot grant injunctive relief.

As we analyze Petitioners' case, it is evident to us that the Petitioners would have us enter an injunction on the basis that since the municipalities are violating the law and the PLRB has condoned that violation, this Court is under an obligation to act. In order to grant Petitioners' request, we first would have to assume that the premises upon which they would have us act are correct, *i.e.,* the municipalities and the PLRB *are* violating the law. The PLRB apparently has said that the municipalities have not done so and we have yet to determine whether the PLRB has acted erroneously.

In any event, we are well satisfied that the Petitioners do have and have exercised their remedy at law. The mere fact that the result has been unfavorable to them does not give this Court jurisdiction in equity where it would not otherwise lie.

Having determined that we lack jurisdiction to enter a declaratory judgment or to provide equitable relief, we need not address Respondent's other objections.

ORDER

The Respondent's preliminary objection raising the question of jurisdiction is granted and this case is dismissed.