**BLACKWOOD, INC., Appellant**

v.

**TOWNSHIP OF REILLY, County of Schuylkill, Pennsylvania.**

Commonwealth Court of Pennsylvania.

Argued April 9, 2007.

Decided May 18, 2007.

---

**1258**

Matthew J. Goodrich, Bangor, for appellant.

William C. Reiley, Pottsville, for appellee.

BEFORE: COLINS, Judge, McGINLEY, Judge, McCLOSKEY, Senior Judge.

OPINION BY Judge COLINS.

Blackwood, Inc. appeals an order of the Court of Common Pleas of Schuylkill County that denied Blackwood's declaratory judgment action and entered judgment in favor of the Township of Reilly (Township). We affirm.

Blackwood filed an action seeking a declaration that Township Ordinance No. 3 of 2004 is invalid. Ordinance No. 3 set forth weight limitations varying from two to ten tons on four Township roads: Black Diamond Road, Church Street, Meadow Street, and Flicker Road. The facts, as found by the trial court, are as follows. Blackwood owns approximately 1,847 acres in a conservation mining district in the Township. An active railroad line bisects the property dividing it into a northern and southern section. The Township roads at issue run through Blackwood's northern property. Unpaved portions of the streets consist of raw earth and are in poor condition. The roads have been in this condition since before Blackwood acquired the property. Flicker Road had a weight limit of two tons that predates the year 2000, while the other three roads had no limit until the Township adopted Ordinance No. 3. The Ordinance placed: a ten-ton limit on the paved portions of Church Street and a two-ton limit on the unpaved portions of that street; a ten-ton limit on Meadow Street from its intersection with State Route 209 over the paved portions of the street, and a two-ton limit on the unpaved portion of the street; a two-ton limit on Flicker Road from its intersection with State Route 209 to the intersection of Black Diamond Road; and a ten-ton limit on Black Diamond Road from the Township's line over the paved portions of the road and a two-ton limit on the unpaved portion of the road.

In late 2003 or early 2004, Char–Pac Coal Company requested permission from the Township to drive forty-ton dump trucks on Flicker Road in order to conduct mining operations. The Township's Supervisors requested its engineer, Christopher G. Bentz, to review Char–Pac's request. Mr. Bentz conducted an engineering and traffic study of "roadway geometric review, traffic volume, pavement analysis, and a past highway break-up review" of the roads at issue.[1] Based upon that study, the Township adopted Ordinance No. 3. The trial court also determined that the unpaved portions of the roads were in very hazardous conditions and that the Township had a limited highway budget, and that these factors were the basis for the Township's adoption of the Ordinance.

1. Although Mr. Bentz conducted the study, Alfred Benesch & Company "prepared" the study.

Blackwood included five counts in its Complaint: (1) that the Ordinance is invalid because it results in a confiscatory and de facto taking under the Eminent Domain Code,[2] (Count I); (2) that the Ordinance is invalid because it constitutes a regulatory taking depriving Blackwood of the lawful use of its property (Count II); (3) that the Township's act in adopting the Ordinance reflects a discriminatory enforcement of the Vehicle Code, 75 Pa.C.S. § 101—9805; (Count III); (4) that the adoption of the Ordinance has deprived Blackwood of its substantive due process rights to make lawful use of its property (Count IV); and (5) that the Township did not comply with procedural requirements in the enactment process (Count V).

The trial court concluded that Section 4902 of the Pennsylvania Motor Vehicle Code, 75 Pa.C.S. § 4902 authorized the Township to place weight limitations on its roads in order to ensure the safety of motorists, and that the Township's study of the roads supported the Township's decision to enact the Ordinance. The trial court determined that the limitations were reasonable because of the dangerous condition of the unpaved portions of the roads and that the Ordinance had not resulted in a de facto or regulatory taking of Blackwood's property. The trial court further concluded that the Township had not engaged in discriminatory enforcement of the Vehicle Code or a violation of Blackwood's due process rights. Based upon these conclusions, the trial court denied Blackwood's request for declaratory relief.

The sole issue Blackwood presents is whether the trial court ignored substantial evidence that supports Blackwood's assertion that the Ordinance places unreasonable weight limits on the roads and thereby erred as a matter of law or abused its discretion in denying the request for declaratory relief.

■ The Declaratory Judgments Act (Act), 42 Pa.C.S. §§ 7531–7541, permits courts to consider claims of parties seeking "relief from uncertainty and insecurity with respect to rights, and other relations." *See* 42 Pa.C.S. § 7541(a). That section of the Act makes clear that the availability of a statutory remedy shall not preclude declaratory relief. However, courts still have discretion to deny consideration of a request for declaratory relief if the requested decree "would not terminate the uncertainty or controversy." 42 Pa. C.S. § 7537. In *Blackwell v. State Ethics Commission,* 125 Pa.Cmwlth. 42, 556 A.2d 988, 991 (1989), this Court noted that

> [w]hen a statute provides for an exclusive remedy which calls for specialized fact finding and/or application of an agency's administrative expertise, declaratory relief is not properly granted. When, however, challenges—particularly constitutional challenges—are set forth questioning the *validity of a statute itself* or questioning the *scope* of a governmental body's action pursuant to statutory authority, then the Declaratory Judgments Act is properly invoked, because "the existence of an alternative remedy shall not be a ground for refusal to proceed...."

(Footnote omitted.)

■ Blackwood, asserting that the Ordinance operates in a confiscatory manner and constitutes a de facto taking under the Eminent Domain Code, first argues that the trial court erred by failing to declare the Ordinance invalid on that basis. Although Blackwood has offered legal citation for the proposition that a de facto

---

**2.** Act of June 22, 1964, Sp. Sess., P.L. 84, *as amended, formerly* 26 P.S. §§ 1–101—1–903, repealed by Section 5 of the Act of May 4, 2006, P.L. ___, Act 2006–34, effective September 1, 2006.

taking can occur with regard to potential uses of property (in this case the more lucrative coal mining it seeks to conduct) as well as present uses, we note that Blackwood has not offered any support for the proposition that a court may declare an ordinance unlawful because it has the effect of taking property without just compensation. In other words, Blackwood has not asked that the Court simply declare that a de facto taking has occurred, but to declare the Ordinance invalid simply on the basis that the Ordinance results in a taking. Blackwood has cited no authority for the proposition that an ordinance should be declared invalid on such grounds. Accordingly, we will not reverse the trial court's decision on the basis of this argument.

■ Blackwood alternatively seeks a statement from the Court as to whether Blackwood may obtain damages from the Township, presumably under the Eminent Domain Code. We conclude that we can offer no such declaration. Although the Declaratory Judgment Act makes clear that the availability of a statutory remedy should not necessarily preclude declaratory relief, we believe that the question of whether damages are appropriate for an alleged de facto taking is best left to resolution by the process afforded under the Eminent Domain Code. The record in this case indicates that Blackwood has attempted to obtain approval from the owner of the railroad tracks to provide a private crossing, but has been unsuccessful. This fact underscores the Court's perception that the question of whether a taking has occurred is best left to the Eminent Domain Process. Based upon this possibility, the Court could not render an opinion or declare that the Township is solely responsible for an alleged taking. Neither of Blackwood's arguments raised under the Eminent Domain Code demonstrates the suitability of declaratory relief, and the Court believes that such a declaration

would not terminate the controversy raised under the Eminent Domain Code. Accordingly, we conclude that the trial court did not err in refusing to render a declaration regarding Blackwood's right to damages from the Township.

■ Blackwood next argues that the Ordinance is invalid under Section 4902(a) of the Pennsylvania Vehicle Code, 75 Pa.C.S. § 4902(a). Section 4902 of the Code provides in pertinent part:

### § 4902. Restrictions on use of highways and bridges

(a) **Restrictions based on condition of highway or bridge.**—The Commonwealth and local authorities with respect to highways and bridges under their jurisdictions may prohibit the operation of vehicles and may impose restrictions as to the weight or size of vehicles operated upon a highway or bridge only when they determine by conducting an engineering and traffic study as provided for in department regulations that the highway or bridge may be damaged or destroyed unless use by vehicles is prohibited or the permissible size or weight of vehicles is reduced.

(b) **Restrictions based on traffic conditions.**—The Commonwealth and local authorities with respect to highways and bridges under their jurisdiction may prohibit the operation of vehicles and may impose restrictions as to the weight and size of vehicles operated upon a highway or bridge whenever they determine that hazardous traffic conditions or other safety factors require such a prohibition or restriction. . . .

(c) **Permits and security.**—The Commonwealth and local authorities may issue permits for movement of vehicles of size and weight in excess of restrictions promulgated under subsections (a) and (b) with respect to high-

ways and bridges under their jurisdiction and may require such undertaking or security as they deem necessary to cover the cost of repairs and restoration necessitated by the permitted movement of vehicles. In reference to subsection (a), the Commonwealth and local authorities shall not refuse to issue a permit with respect to a highway under their jurisdiction if there is not reasonable alternate route available. For purposes of this section, "reasonable alternate route" shall mean a route meeting the criteria set forth in department regulations relating to traffic and engineering studies.

Blackwood first argues that the ordinance is invalid because subsection (a) requires municipal-imposed restrictions to be based upon findings that the roads would be damaged unless the Township adopted restrictions. However, the Engineering and Traffic Study the Township commissioned clearly indicates that the "[u]se of routes by large and heavy trucks and equipment will cause certain sections of the municipalities' roads to be damaged more severely than they would under normal use. This use adds additional maintenance cost on an already limited township budget." (Study, p. 5.) This evidence provides support for the trial court's finding that the Township had a basis in fact and law to place limitations upon the roads in question. Further, we note initially that Blackwood did not raise this specific objection in its statement of matters complained of on appeal. Although Blackwood's statement does challenge the sufficiency of the evidence relating to public safety as a basis for the weight limitations, Blackwood's argument in its brief is aimed purely at its assertion that there is evidence that the Township's primary motive was to preclude Blackwood from engaging in its biosolids operations. However, the record contains ample evidence supporting the factual determinations concerning the degraded condition of the unpaved portions of the roads. The record includes evidence indicating that the roads had been and may continue to be degraded as a result of erosion and other elements. Consequently, this Court concludes that the record supports the Township's determination that the Ordinance was necessary in order to prevent further deterioration of the roads.

■ Blackwood also asserts that the Ordinance is invalid because it fails to comply with Section 4902(f) of the Vehicle Code, 75 Pa.C.S. § 4902(f), which requires local authorities to comply with Department of Transportation regulations, and Section 4902(c) of the Code, 75 Pa.C.S. § 4902(c), which relates to the requirement that local authorities issue permits allowing the use of over-weight vehicles. With regard to subsection (f), Blackwood has not pointed the Court to any particular regulations with which the Township did not comply. With regard to the permit requirement, Blackwood has not provided the Court with any authority to support the argument that the Township is required to include a permit provision in the Ordinance in order for the Ordinance to be valid. The statutory provision itself does not compel a declaration that an Ordinance must include such a provision. Left with such a legal vacuum, and in light of the fact that Blackwood has not sought permission from the Township to operate the vehicles under subsection (c), the Court believes that Blackwood has not established a right to declaratory relief. Consequently, the Court will not reverse the trial court's decision on the basis of this argument.

■ Blackwood makes several other arguments in its brief: (1) that the Ordinance constitutes discriminatory enforcement of the Vehicle Code; (2) that the continued application of the Ordinance will

result in irreparable harm to Blackwood; (3) that the Ordinance exceeds the Township's police powers; (4) that the Ordinance is not reasonably related to the protection of the roads; (5) that the weight restrictions impose unreasonable restrictions on a lawful operation; and (6) that the Ordinance constitutes invalid de facto zoning under the Municipalities Planning Code, Act of July 31, 1968, P.L. 85, *as amended*, 53 P.S. § 11201.

Blackwood has not provided sufficient legal analysis or citation for the Court to address these issues. Further, as noted above, declaratory relief is appropriate only when the granting of such relief will remove uncertainty that exists relating to the legal relationships between the parties. Blackwood has not satisfied its burden to show that the relief requested would resolve such uncertainty. Accordingly, we conclude that the trial court did not err in declining to grant Blackwood's request.

### *ORDER*

AND NOW, this 18th day of May 2007, the order of the Court of Common Pleas of Schuylkill County is affirmed.