558 A.2d 932

**The DELAWARE RIVER PORT AUTHORITY, the Honorable Barbara G. Jones, and the Honorable William K. Dickey, Commissioners of the Delaware River Port Authority, Petitioners,**

v.

**COMMONWEALTH of Pennsylvania, STATE ETHICS COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 8, 1989.

Decided May 24, 1989.

148

John M. Elliott, Karen M. Scheller, James M. White, Brian P. Kenney, Leslie E. Bowser, Baskin, Flaherty, Elliott & Mannino, P.C., Philadelphia, for petitioners.

Vincent J. Dopko, Gen. Counsel, State Ethics Com'n, Harrisburg, Laura Fredericks, Office of Atty. Gen., Philadelphia, for respondent.

Before CRUMLISH, Jr., President Judge, and
CRAIG, DOYLE, COLINS, PALLADINO, McGINLEY
and SMITH, JJ.

CRAIG, Judge.

The general question presented here is whether a declaratory judgment proceeding is available to determine if board members of the Delaware River Port Authority (DRPA) are public officials subject to the jurisdiction of the State Ethics Commission under its enabling statute, Act of October 4, 1978, P.L. 883, *as amended,* §§ 1–13, 65 P.S. §§ 401–413. This court concludes that a declaratory judgment proceeding is properly allowable.

The DRPA—a bi-state agency of the Commonwealth and the State of New Jersey, created by joint legislative compact[1]—and two of its board members filed a petition for review in the nature of a declaratory judgment action addressed to the original jurisdiction of this court, seeking a determination as to whether or not the board members are subject to the jurisdiction of the Commission. The Commission has filed preliminary objections raising the following specific issues:

1. Is declaratory judgment relief not available because the proceeding constitutes an appeal from the order of a tribunal?

2. Is declaratory judgment relief not available because the question is within the exclusive jurisdiction of a tribunal, the Commission?

The Commission's premise is drawn from the Declaratory Judgments Act, 42 Pa.C.S. § 7541(c), which lists the proceedings as to which declaratory judgment relief is *not* available, as follows:

(2) Proceeding within the exclusive jurisdiction of a tribunal other than a court.

(3) Proceeding involving an appeal from an order of a tribunal.

---

**1.** Act of June 12, 1931, P.L. 575, *as amended,* §§ 1–3, 36 P.S. §§ 3503–3505.

## 1.

 The Commission's first ground for preliminary objections must be rejected because the present petition for review clearly does not constitute an appeal from any previous order of the Commission. Although the Commission, on December 22, 1987, issued a decision responding to a request from former DRPA board member Charles G. Kopp, determining that he was subject to the Commission's jurisdiction, the present petition for review does not constitute an appeal from that decision because the petition is on behalf of two other board members, Barbara G. Jones and William K. Dickey, with Mr. Kopp not involved at all. Therefore, the present proceeding does not constitute an appeal from the Commission's order because it relates to different parties.

## 2.

 With respect to the Commission's second ground for preliminary objections, the conclusion must be that the jurisdictional questions raised here are cognizable in an original declaratory judgment proceeding in this court and are not within the exclusive jurisdiction of the Commission.

In *Snider v. Shapp*, 45 Pa.Commonwealth Ct. 337, 346, 405 A.2d 602, 607–8 (1979), this court held that a declaratory judgment proceeding is available to determine the validity of the Ethics Act.

*Wajert v. State Ethics Commission*, 47 Pa.Commonwealth Ct. 97, 407 A.2d 125 (1979), *aff'd* 491 Pa. 255, 420 A.2d 439 (1979), held that a declaratory judgment proceeding is available to consider the applicability or inapplicability of the State Ethics Commission Act to former trial judges.

Finally, in *Blackwell v. State Ethics Commission*, —— Pa.Commonwealth Ct. ——, 556 A.2d 988 (1989), this court recently confirmed that a petition for review, in the original jurisdiction of this court, would be received and considered, to determine whether or not city council members were

subject to the State Ethics Commission Act in view of the home rule authority governing the City of Philadelphia.

\* \* \*

■ Finally, the Commission seeks to support its preliminary objections by contending that declaratory judgment proceedings should not lie because uncertainty exists with respect to the existence of the Commission beyond June 30, 1989, by reason of questions related to the sunset status of the Commission. Although that contention may suggest that the question presented by this petition for review could become moot in the near future, such a possibility has no relevance to the propriety of a declaratory judgment proceeding now.

The Commission's preliminary objections must be overruled in their entirety.

ORDER

NOW, May 24, 1989, the preliminary objections of the State Ethics Commission are overruled in their entirety.